FILED

(REF.3, Rev.11/92)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2005 MAR 30  P 12: 58

U'S DISTRICT COURT
HARTFORD CT

UNITED STATES OF AMERICA           :
                                   :
            v.                     :      CASE NO. 3:03CR229(RNC)
                                   :
FAUSTINO FLUERY                    :

### PETITION TO ENTER PLEA OF GUILTY
### PURSUANT TO RULES 10 AND 11 OF
### THE FEDERAL RULES OF CRIMINAL PROCEDURE

The above-named defendant respectfully petitions this
Court to permit him/her to withdraw his/her previously entered
plea of "Not Guilty" to Count(s) _One_ of
the Indictment/Information in Criminal No. _3:03CR 229_ (RNC),
and to plead "GUILTY" at this time to Count(s) _One_.

In support of this petition, petitioner represents to the
Court as follows:

(1)  My full and legal name is: _Faustino Fleury_

_____.

I request that all proceedings against me be had in this name.

(2)  I am _46_ years of age.  I was born on _9/9/58_.

(3)  I was born in (City, State, etc.) _Santo Domingo_
_Dom. Rep_.

(4)  [Place check in appropriate places.]

    (a)  I am able to read ____ and write ____ in the
         English language.

    (b)  I am not able to read and write English, and I
         have had the benefit of the interpretation and
         translation services of _Juan Serret + Inge Gomez_
         _+ Michele Peguero_

(name of interpreter), who are fluent in

_Spanish_ (name of language).  I

continue to require such an interpreter.

(5)  (a)  I have received the following education in the

United States (check the highest level

completed):

Grade School   1_ 2_ 3_ 4_ 5_ 6_ 7_ 8_

High School    _____(Years)

College        _____(Years)

Graduate School _____(Years)

(b)  If education received in foreign country, give

details _Dominican Republic, thru grade 2_

_____

(6)  I am represented by counsel and the name of my

attorney is  _C Thomas Furniss_.

(7)  (a)  I have received a copy of the

Indictment/Information, I have read and

discussed it with my attorney, and I understand

every accusation made against me in this case.

(b)  As stated below in my own words, I understand

that in the counts of the Indictment/Information

to which I am now offering to plead guilty, I am

charged with the following crime(s):

_Agreeing and acting with others_
_to distribute heroin_

_____

- 2 -

[Identify each count and the nature of the crime charged therein.]

(8) (a) I have given my attorney a full statement of all the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment/Information, and I believe that my attorney is fully informed as to all such matters.

(b) After I gave my attorney the statement just mentioned in 8(a), my attorney informed, counseled, and advised me as to the nature of every accusation against me, and as to any possible defense I might have with respect to these accusations.

(9) My attorney has advised me that, with respect to the Count(s) to which I intend to plead "GUILTY," the punishment which the law provides is as follows:

[Add up the punishments on each count. For example, if a defendant is pleading guilty to counts one and two, and there is a two-year maximum sentence on count one, and a five-year maximum sentence on count two, write in seven years as the maximum amount of imprisonment, and $100 as the mandatory special assessment. Fill in only those blanks that are applicable.]

(a) A maximum of ___*life*___ imprisonment.

(b) A mandatory minimum of *ten years'* imprisonment.

- 3 -

(c) A maximum fine of $ _4,000,000.00_ .

(d) A minimum fine of $ _n/a_ .

(e) A maximum term of supervised release of _life_ years following imprisonment for the offense(s) charged in Count(s) _One_ of the Indictment/Information.

(f) A minimum term of supervised release of at least _5_ years following imprisonment for the offense(s) charged in Count(s) _One_ of the Indictment/Information.

I understand that if I violate any condition of the supervised release before the term expires, I may be required to serve a further term of imprisonment equal to the entire term of supervised release, without any credit for the time already spent on supervised release.

(g) A maximum order of restitution equal to the amount of loss resulting to any victims of the offense(s) charged in the Indictment/ Information to which I am offering to plead guilty.

(h) I understand that I must also pay a mandatory special assessment of $ _100.00_ .

(10) My attorney has also advised me that:

[Check applicable line.]

_✓_ (a) Because the offense to which I am offering to

plead "GUILTY" is a Class A/B felony, the Court is                  not authorized to sentence me to probation.

_____(b)  Probation is a possible sentence, but that it may or may not be granted.

(11) My attorney has also advised me that because the

offense(s) to which I am now offering to plead guilty occurred
on or after November 1, 1987, I will be sentenced pursuant to
the law with consideration given to the guidelines promulgated
by the United States Sentencing Commission.

My attorney has counseled me with his/her opinion on what
my sentencing range might be.  I fully understand that my
attorney's opinion (or my own) may be incorrect and that the
Guidelines calculation will be performed on the basis of facts
set forth in a Presentence Report which will be prepared for
the Court before sentencing.  I understand that my attorney's
opinion or prediction concerning the Guidelines is not binding
on the Court; that it is the Court which will actually
determine the sentence to be imposed; and that I have no right
to withdraw my plea on the ground that my attorney's opinion or
prediction (or my own) concerning the Guidelines proved to be
incorrect.  I fully understand that the sentence could be up to
the maximum provided by the statute.

My attorney has advised me that in certain instances under
the Guidelines, conduct which is found or stipulated to have
occurred will be taken into consideration in computing the
Guidelines, even though that conduct does not form the basis of
the specific count(s) to which I am pleading guilty.

My attorney has advised me, and I fully understand, that
parole has been abolished for offenses committed on or after
November 1, 1987, and that if I am sentenced to prison, I will
not be released on parole.

_____(12) Consequences for parole and probation. [Check if defendant is on probation or parole in this or any other court.]

I understand that by pleading GUILTY here, my probation/parole may be revoked and I may be required to serve time in prison in the case in which I am on probation/parole, in addition to any sentence imposed upon me in this case. Moreover, my attorney has advised me that my status on probation/parole at the time of the offense charged in this case may result in an increase in the Guideline range or in the sentence imposed.

(13) My attorney has advised me that if I plead "GUILTY" to more than one offense, the Court may order the sentence to be served consecutively -- that is, one after another.

(14) I understand that I may, if I so choose, plead "NOT GUILTY" to any offense charged against me, and that I may continue to plead "NOT GUILTY," if I have already so pleaded.

(15) I understand that if I choose to plead "NOT GUILTY," I may proceed to trial at the time set by the Court.  I further understand that the United States Constitution guarantees me:

    (a)  the right to a speedy and public
         trial by jury;

    (b)  the right to see, hear, and
         question all witnesses called by
         the government against me;

    (c)  the right  to use the power and
         process of the Court to compel
         the production of any evidence,

including the attendance of any
witnesses, in my favor;

(d)  the right to have the assistance
of counsel in my defense at all
stages of these proceedings, as
well as upon the trial; and

(e)  the right not to be compelled to
incriminate myself; that is, I
understand that if I go to trial,
I may remain silent and I cannot
be compelled to take the witness
stand.

(f)  the right to be found "not guilty" on any
charge for which the evidence lawfully admitted
at trial does not sustain a finding of guilt
beyond a reasonable doubt.

(16) I understand that, by pleading "GUILTY," I waive
(that is, I give up) my right to a trial, and that there will
be no further trial of any kind.

(17) I understand that, if I plead "GUILTY," the Court may
ask me questions about the offense to which I am pleading
"GUILTY."  I also understand that if I answer these questions
under oath, on the record, and in the presence of counsel, my
answers, if false, may later be used against me in a
prosecution for perjury or false statement.  I understand also
that, by pleading "GUILTY," I waive any right against
self-incrimination concerning the facts constituting the
offense to which I am pleading "GUILTY."

(18) I understand that, if I plead "GUILTY," the Court may
impose the same punishment as if I had pleaded "NOT GUILTY,"
stood trial, and had been convicted by a jury.



*United States Attorney*
*District of Connecticut*

Connecticut Financial Center
157 Church Street
P.O. Box 1824
New Haven, Connecticut  06510

(203) 821-3700
Fax (203) 773-5376
www.usdoj.gov/usao/ct

March 30, 2005

Thomas Furniss, Esq.
248 Hudson Street
Hartford, CT 06106

Re:    <u>United States v. Faustino Fleury, a/k/a "Freddy"</u>
       No. 3:03CR198 (RNC)

Dear Mr. Furniss:

      This letter confirms the plea agreement entered into between your client, Faustino Fleury, a/k/a "Freddy," (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

      The defendant agrees to plead guilty to Count One of the indictment charging him with conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of Title 21 U.S.C. § 846. He understands that to be guilty of this offense the following essential elements of the offense must be satisfied:

<u>Count One</u>

1.    That a conspiracy to possess with intent to distribute controlled substances existed; and

2.    That the defendant knowingly and willingly agreed to participate in the conspiracy.

3.    In addition to these essential elements, the Government must also establish that the conspiracy involved 1 kilogram or more of heroin under Count One in order for the statutory sentencing range to be ten years to life in prison, a fine of up to $4,000,000 and five years to life supervised release.

## THE PENALTIES

This offense carries a maximum penalty of life imprisonment, a mandatory minimum term of ten years imprisonment, and a fine of up to $4 million. Moreover, any sentence of incarceration under this provision must also include a term of supervised release of at least 5 years and as much as life. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to five years with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense which is $4 million.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (i) and § 3612(g).

## THE SENTENCING GUIDELINES

1.    Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case, *See United States v. Booker*, 543 U.S. __ (2005). The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

By this plea agreement, the defendant and the Government agree that the quantity of heroin commensurate with the criminal activity of the defendant which forms the basis of the violation charged in the indictment and his relevant conduct, U.S.S.G. § 1B1.3, app. note 1, is the Guidelines equivalent of at least 1 kilogram but less than 3 kilograms. The parties understand and agree that this agreed attribution is based on information known to the Government from sources other than any debriefing of the defendant. The defendant acknowledges that this agreement is only between the parties to this agreement and, as such, does not bind the Probation Department or the Court.

2.    <u>Acceptance of Responsibility</u>

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under section §3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to §3E1.1(b) recommending that the Court reduce defendant's Adjusted Offense Level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty.  This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition by submitting a complete and truthful financial statement.  In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty.  The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his plea of guilty. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

3.    <u>Waiver of Right to Challenge Prior Convictions Used To Enhance Sentence</u>

The defendant understands and agrees that the offense of conviction carries enhanced penalties because of his prior criminal record. The defendant further understands and agrees that under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the fact of defendant's prior convictions need not be approved by a grand jury or submitted to a trial jury and proved beyond a reasonable doubt. Defendant expressly understands and agrees that such facts will be determined either: by stipulation between the parties; in accordance with the procedures specified by the United States Sentencing Guidelines; or by the Court upon a finding that the relevant facts have been established by reliable evidence, which may include hearsay evidence, and, proven by a preponderance of the evidence.

4.  <u>Stipulation</u>

Pursuant to section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation as follows:  that the Guidelines equivalent of at least 1 kilogram but less than 3 kilograms of heroin was reasonably forseeable to the defendant as a result of his participation in the conspiracy charged in Count One of the indictment, and is the quantity commensurate with his criminal activity which forms the basis of the violations charged in the indictment and the relevant conduct of the defendant. U.S.S.G. § 1B1.3, app. note 1.  The

parties understand and agree that the defendant's offense level is based on information known to the Government from sources other than any debriefing of the defendant.

5. Guideline Stipulation

The Government and the defendant stipulate the defendant's applicable Sentencing Guidelines to be at a range of 87 to 108 months' imprisonment, subject to a mandatory minimum ten-year term of imprisonment, and a fine range of $15,000 to $4,000,000. The base offense level under U.S.S.G. § 2D1.1(c)(4) is 32. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 29. A total offense level 29 with a criminal history category I, in which the parties calculate the defendant to be, results in a range of 87 to 108 months' imprisonment (sentencing table), a mandatory minimum prison term of 120 months, and a fine range of $15,000 to $4,000,000 (U.S.S.G. § 5E1.2(c)(3)). In addition, the parties agree that the defendant appears to qualify for relief under 18 U.S.C. § 3553(f) and U.S.S.G. §§ 5C1.2 and 2D1.1(c)(6), subject to his fulfilling the requirement of 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5). Should he so qualify, the parties agree that his total offense level would be reduced two levels to 27 for a sentencing range of 70 to 87 months imprisonment and a fine range of $12,500 to $4,000,000.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine ranges specified above. The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside the Guideline range or fine range set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

6. Waiver of Right to Appeal
or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or §2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 120 months, a lifetime term of supervised release, and a fine of $4,000,000 even if the Court imposes such a sentence based on an analysis different from that specified above. The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights.

7. Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the

Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant fully understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case. Defendant fully understands that because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

## ACKNOWLEDGMENT OF GUILT: VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his

understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862, and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. Finally, the defendant may be subject to deportation or removal from the United States as a consequence of his conviction as well as exclusion from admission or readmission to the United States. The defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conspiracy to distribute heroin which forms the basis of the indictment in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that, apart from any written Proffer Agreement, no other promises, agreements, or conditions have been entered into other than those set forth in this plea

agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY


The defendant certifies that he has read this plea agreement letter or has had it read or translated to him, that he has had ample time to discuss this agreement with counsel and that he fully understands and accepts its terms.


_____                    _____
Faustino Fleury                            Date
The Defendant


I have thoroughly read and explained this plea agreement to my client who advises me that he understands and accepts its terms.


_____                    _____
Thomas Furniss, Esq.                       Date
Attorney for the Defendant

# CRIMINAL CALENDAR

**The following CRIMINAL CASE will be presented by the United States Government in the United States District Court, 450 Main Street, Hartford, Connecticut, before the Honorable Donna F. Martinez, United States Magistrate Judge, on Wednesday, March 30, 2005 at 9:45 a.m.**

AUSA H. Gordon Hall
**Change of Plea**

UNITED STATES                          <u>Docket No.  3:03CR229(SRU)</u>

  **v.**                     <u>COUNT COUNT ONE</u>

Faustino Fluery, a/k/a                 21 U.S.C. §846
"Freddy", a/k/a "John Doe III"         (Possession with Intent to Distribute more
Thomas Furniss, Esq.                   than 1 Kilogram of Heroin)

**DEFENDANT NEEDS A**                  <u>PENALTIES</u>
**SPANISH INTERPRETER**                Imprisonment: Mandatory Minimum of 10
                                       Years, Maximum Life
                                       Fine: $4 million
                                       Supervised Release: Mandatory Minimum
                                       of 5 Years, Maximum of Life
                                       Special Assessment: $100.00

TO:  The Honorable Donna F. Martinez, United States Magistrate Judge
cc:  U.S. Attorney's Office - New Haven
     U.S. Clerk's Office - Hartford
     U.S. Marshals Service - Hartford
     U.S. Probation Office - New Haven, Hartford, Bridgeport
     DEA - New Haven, Attn: Raymond Walczyk
     Thomas Furniss, Esq.

**U.S. Department of Justice**



*Kevin J. O'Connor*
*United States Attorney*
*District of Connecticut*

Connecticut Financial Center                    *(203) 821-3700*
157 Church Street
P.O. Box 1824
New Haven, Connecticut 06510        *Fax (203) 773-5376*

# FACSIMILE TRANSMISSION COVER PAGE

**DATE:**      **March 15, 2005**

**TO:**        **Tom Furniss, Esq.**

**FAX #:**     **(860) 241-1032**

**FROM:**      **H. Gordon Hall**
               **United States Attorney's Office**
               **District of Connecticut**
               **157 Church Street**
               **New Haven, CT 06510**

**TOTAL NUMBER OF PAGES (INCLUDING COVER PAGE):**
**FAX NUMBER: (203) 773-5391**

**SPECIAL INSTRUCTIONS:**

If you do not receive all pages, please call 203-821-3700 and ask for Marilyn
Durso.

### *UNITED STATES ATTORNEY FACSIMILE TRANSMISSION*

*This facsimile message, and any and all accompanying documents, contains sensitive information.
This information is the property of the United States Attorney's Office, and is subject to several legal
privileges, including the attorney client, work product, law enforcement, and deliberative process
privileges. It is exempt from disclosure under applicable law. If you are not the intended recipient
of this information, any disclosure, copying, distribution, or the taking of any action in reliance on
this information is strictly prohibited. If you received this message in error, please notify us
immediately at (203) 821-3700 to make arrangements to return the information to us. Thank you.*

(19) I further understand that if I plead "GUILTY," I waive (that is, I give up) any defenses I may have had and, in particular, that I waive any claims which I may have had based upon any previous violations of my statutory or constitutional rights. I understand that if I were to continue to plead "NOT GUILTY," I would be entitled to have my attorney make appropriate application to the Court based upon any such violations -- for example, a motion to suppress evidence.

(20) I declare that no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "GUILTY," except to the extent that my plea of "GUILTY" may be a factor considered by the Court in determining whether I have accepted responsibility for my criminal conduct within the meaning of the Guidelines or to the extent indicated in my written plea agreement with the Government.

(21) I declare that I have not been <u>threatened</u> or <u>forced</u> in any way to plead guilty at this time or any other times.

(22) My decision to plead "GUILTY" arises out of discussions between me and my attorney, who advised me that if I plead "GUILTY" to Count(s) _One_ the government has agreed to the following: [Staple here a copy of any written agreement between the government and the defendant. If there is no written agreement, state the nature

- 8 -

of the agreement in the space below.]

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(23) I understand that the Court may accept or reject the terms of this agreement, or may defer its decision to accept or reject the agreement until it has had an opportunity to consider a presentence report prepared by the United States Probation Office.

(24) (a)   I have made this decision to plead "GUILTY" freely and voluntarily and as a result of my own reasoning processes.

(b)   I know that the Court will not accept a plea of "GUILTY" from any one who claims to be innocent and I am not pleading "GUILTY" for any reason other than that I am indeed guilty.

(25) [Place check mark in appropriate place:]

I have_____/have not __✓__ made any statement to any law enforcement officer or anyone else in which I admitted the crime or any part of the crime to which I now want to plead guilty.

[Check if defendant has made such a statement:]
_____ I would choose to plead "GUILTY" even if I knew that the statement could not be used against me.

(26) I understand that, in cases prior to November 1, 1987, a federal judge has no authority to order a federal sentence of imprisonment to run at the same time as a state sentence of imprisonment. However, for an offense committed after November 1, 1987, I understand that under 18 U.S.C. § 3584(a), a federal judge may impose terms of imprisonment that run concurrently.

(27) I believe and understand that my attorney has done all that an attorney should have done to counsel and assist me with respect to this case.

(28) I am not now under the influence of any drugs or alcohol.

(29) Within the last seven (7) days, I have taken the following drugs, medicines, pills or alcoholic beverages:

_____ none _____

_____

_____

_____

For approximately 1 week in July
of 2003 I was living in New Haven, Ct
and assisted Ada Rivera, a/k/a "Daisy",
and friends of hers by delivering
heroin to certain locations for
further distribution.

It was reasonbly forseeable to
me that the organization was involved
with at least 1 Kilogram of Heroin.

(30) The following is my own statement as to what
occurred, which shows that I am, in fact, guilty of each charge
to which I am now offering to plead "Guilty."  [Defendant must
set forth, in his/her own handwriting, or through an
interpreter, his/her own statement as to each count with which
he/she is charged.  Use additional sheets if necessary and
attach to this petition.]

See above

- 11 -

(31) I declare that I offer my plea of "GUILTY" freely and voluntarily and of my own accord.  I also declare that my attorney has explained to me, and I understand, the statements set forth in the Indictment/Information and in this petition and in the "Certificate of Counsel" attached to this petition.

(32) I have read and discussed with my attorney the Indictment/Information, and I further state that I wish the Court to omit and consider as waived (that is, to consider as given up) by me all reading of the Indictment/Information in open court, and all further proceedings upon my arraignment, and to consider any undecided motions previously made by me as withdrawn.

(33) I request that the Court enter now my plea of "GUILTY" as set forth above in reliance upon my statements in this petition.

Signed by me in open court in the presence of my attorney at Hartford, Connecticut, this _30_<sup>th</sup> day of _March_ , 20_05_ .

_Jordan Levy_
Defendant

- 13 -

CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for the defendant, _Faustino Fleury_, hereby certifies as follows:

(1)  I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Indictment/Information in this case;

(2)  To the best of my knowledge and belief each statement set forth in the foregoing petition is in all respects accurate and true;

(3)  The plea of "GUILTY," as offered by the defendant in the foregoing petition, accords with my understanding of the facts as related to me by the defendant, and is consistent with my advice to the defendant;

(4)  In my opinion, the defendant's waiver of the reading of the Indictment/Information in open court, and of all further proceedings upon arraignment as provided in the Federal Rules of Criminal Procedure, is voluntarily made; the defendant understood what he/she was doing when he/she waived the reading; and I recommend to the Court that the waiver be accepted by the Court;

(5)  In my opinion the plea of "GUILTY," as offered by the defendant in the foregoing petition, is voluntarily and understandingly made, and I recommend to the Court that the plea of "GUILTY" be now accepted and entered on behalf of the

- 14 -

defendant as requested in the defendant's petition;

(6)  I have read and understood and explained to the defendant all the provisions of Rules 10 and 11 of the Federal Rules of Criminal Procedure, and I believe the defendant understands the substance of both of those Rules;

(7)  I have caused a copy of the foregoing petition, completed by the defendant, to be delivered to the Assistant United States Attorney in charge of this case prior to the parties' appearance in court at the plea proceeding.

Signed by me in open Court and in the presence of the defendant above named at Hartford, Connecticut, this _30th_ day of ___March___, 20_05_.

_____
Attorney for the Defendant

O R D E R

Good cause appearing from the foregoing petition of the defendant above named and the certificate of his counsel, and from all proceedings heretofore had in this case, it is hereby RECOMMENDED that the petition be granted and that the defendant's plea of "GUILTY" be accepted and entered as prayed in the defendant's petition and as recommended in the certificate of his counsel.

It is so ordered.

Entered at Hartford, Connecticut, this *30th* day of *March* ~~November~~ *2005* ~~2004~~.

Donna F. Martinez
United States Magistrate Judge

- 16 -