UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA :

v. : No. 3:03CR229(RNC)

FAUSTINO FLEURY :

## MOTION FOR EXTENSION OF TIME

The United States Attorney, through H. Gordon Hall, Assistant United States Attorney, respectfully moves the Court to continue the date for sentencing in this case from the currently assigned date of November 7, 2005. In support of the motion, the undersigned represents as follows:

1. The defendant is scheduled for sentencing in this case on November 7, 2005.

2. The Court had continued a previously scheduled sentencing so defense counsel could obtain an examination of the defendant, which has been completed. The report of the examination was received by the undersigned on November 1.

3. Defense counsel has filed a supplemental memorandum in aid of sentencing, received on November 3, in which he relates the findings reflected in the report to issues in the defendant's sentencing. Government counsel has reviewed the memorandum and the report, and has discussed both with defense counsel. Notwithstanding these discussions, there appear to be significant outstanding issues between the parties which both parties prefer to resolve amicably.

4. More importantly, between the date on which the defendant's plea was entered and today, the law of the Second Circuit appears to have changed in a manner which may have a significant impact on the viability of the defendant's plea. At the time of the plea, it was settled law in the Second Circuit that the identity and quantity of controlled substances involved in a drug offense are not elements of the offense. See United States v. King, 345 F.3d 149, 152-53 (2d Cir. 2003). This

is because Section 841(a)(1), and Section 846, which incorporates that section by reference, contain no mens rea requirement regarding the quantity or identity of controlled substances beyond that the controlled substance appears in Schedule I or II. Id. In this case, the defendant was charged in the indictment with conspiracy to possess with intent to distribute more than 1 kilogram of heroin, in violation of 21 U.S.C. §846. At the time of the entry of the defendant's plea, he executed a plea agreement in which he stipulated that one kilogram of heroin was reasonably attributable to him by virtue of his involvement in the charged conspiracy. However, under questioning by Magistrate Judge Martinez, he indicated that he was not clear at the time on the identity or quantity of the illegal drug with which he knew he was dealing, but that he thought it was heroin or cocaine. Under the law as it existed at the time, this did not appear to present an issue at the plea, and appeared to be an issue which could be resolved by the Court at the time of sentencing. Accordingly, on authority of King, the parties urged the Magistrate Judge to accept the plea, and she did. The quantity and drug identity issues remain in the case, as is clear from the Court's colloquy with the defendant and his attorney at a sentencing hearing on June 24, 2005.

5. On August 22, 2005, the Court of Appeal for the Second Circuit announced its decision in United States v. Gonzalez, 420 F.3d 111 (2d Cir. 2005). In that case, the Court held that drug quantity is an element of an enhanced-penalty drug charge such as the one to which the defendant attempted to enter a plea. See id. at 129. In addition, under the rationale of Gonzalez, it appears likely that drug identity may also be an element of the offense charged in the indictment in this case. Under these rules, it is not clear that the defendant has entered a valid plea to a pending charge.

WHEREFORE, the Government respectfully moves the Court to continue the sentencing in this case so that a legally sound resolution to this case can be worked out by the parties, as was their

- intent at the time of the defendant's plea.

Respectfully Submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


H. GORDON HALL
ASSISTANT U.S. ATTORNEY


By:  S. DAVE VATTI
     ASSISTANT U.S. ATTORNEY
     450 MAIN STREET
     HARTFORD, CT 06103
     (860) 947-1101
     BAR NO. CT11957

SO ORDERED:

_____
ROBERT N. CHATIGNY
CHIEF UNITED STATES DISTRICT JUDGE

Dated at Hartford, Connecticut,
this 4th day of November, 2005.

## CERTIFICATION

This is to certify that a copy of the foregoing Government's Motion to Continue Sentencing was sent this 4th day of November, 2005, via first class mail, postage pre-paid to

Thomas Furniss, Esq.
Furniss & Quinn
248 Hudson Street
Hartford, CT 06106

*[signature] for:*
H. GORDON HALL
ASSISTANT U.S. ATTORNEY